UNITY CONTRACT BRIDGE CLUB, INC., Plaintiff, *v.* ARTHUR W. WALLANDER, as Police Commissioner of the City of New York, Defendant.

Supreme Court, Special Term, New York County, May 29, 1946.

*Menahem Stim* for plaintiff.

*John J. Bennett, Corporation Counsel (Charles C. Weinstein* and *Herbert M. Levy* of counsel), for defendant.

EDER, J. Motion for injunction *pendente lite* is denied. It is most unusual relief which is sought, i.e., to enjoin and restrain the defendant, as police commissioner, and his agents and servants, from entering the plaintiff's premises without a warrant or other process of law upon which the defendant may make an arrest. While the novelty of an action is no reason to deny relief, yet to grant the relief here sought is to have the court determine that future acts which defendant and his agents may do are unauthorized and unlawful, without any evidence upon which to make such a determination. The statute declares when a police officer may lawfully enter premises and lawfully make an arrest (Code Crim. Pro., §§ 177–180) and it also provides punishment for unlawful and malicious acts of oppression (Penal Law, § 854). Recourse should be had to such remedy if there is evidence that the statute has been violated. The temporary injunction is dissolved. Settle order.